UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PATTERSON, | CIVIL ACTION NO. 3:CV-12-0664 |
| Petitioner | (Judge Nealon) |
| v. | |
| RONNIE HOPE, | |
| Respondent | |

FILED
SCRANTON

JUN 1 8 2012

PER _____
DEPUTY CLERK

## MEMORANDUM

David Patterson, an inmate confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Patterson challenges the Bureau of Prisons' ("BOP") authority to set restitution payment schedules through its Inmate Financial Responsibility Program (IFRP).[1] (Doc. 1, petition). Specifically, Patterson alleges that "the BOP does not have authority to 'force' petitioner to pay his restitution because the sentencing court did not fix a restitution payment schedule for his period of imprisonment." Id The petition is ripe for disposition, and for the reasons outlined below, the petition will be transferred to the United States District Court for the Western District of Tennessee (Memphis).

## Background

Petitioner pled guilty to one count of attempted robbery of a controlled substance with a dangerous weapon and two counts of use of a firearm during the commission of a crime of

---

[1] The IFRP provides a means to ensure that inmates meet their court ordered financial obligations. Upon arrival at their designated institution, inmates receive instruction on how the IFRP works and what the sanctions are for those inmates who refuse to participate. See 28 C.F.R. § 545.10, et seq.

violence. (Doc. 1, petition at 10).

Patterson was sentenced by the United States District Court for the Western District of Tennessee to a 480-month term of imprisonment, a $300.00 assessment, and $24,466.23 in restitution. Id. According to the sentencing court's judgment, the special assessment was due "in full immediately" and the restitution "shall be paid in regular monthly installments of not less than 10% of gross monthly income." Id. at 14-15.

On April 10, 2012, Petitioner filed the instant petition for writ of habeas corpus in which he "requests the Court order the BOP to cease collecting IFRP payments, label him as "IFRP-Exempt," vacate any sanctions placed on him, and "restore him to the position he would have been, but for the wrongful actions of Respondent." Id.

**Discussion**

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the **immediate** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 124 S.Ct. 2711, 2717-18 (2004) (emphasis in original) (citations omitted). There is no question that this Court has jurisdiction over Patterson's petition. However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, see Hinton

v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000).

Adhering to this familiar principle, Courts in this district that have been confronted by habeas petitions like the instant petition, which challenge aspects of a sentence imposed by another federal district court, have often relied upon § 1404 to order the transfer of the petition to the sentencing court for its consideration. In reaching this result it has been observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493–94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition. Specifically, in two cases where the resolution of the petitions challenging the BOP's collection of restitution payments through its Inmate Financial Responsibility Program required an inquiry into the information before the sentencing court about the petitioners' finances at the time the sentencing court ordered restitution, the cases were transferred to the jurisdiction of the sentencing courts for proper resolution. See Argentina v. Sniezek, Civil No. 4:09–CV–0382, 2010 WL 2632561, at *2 (M.D.Pa.Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07–CV–1788, 2008 WL 1752229, at *4 (M.D.Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F.Supp.2d 818, 820 (D.N.J.2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").

Stover v. Sniezek, 2010 WL 3220318, *4 (M.D. Pa. 2010) (Jones, J.); see, e.g., Argentina v. Sniezek, 2010 WL 2632561, *2 (M.D. Pa. 2010) (Jones, J.); Gardner v. Williamson, 2008 WL 1752229, *4 (M.D. Pa. 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the Western District of Tennessee pursuant to 28 U.S.C. § 1404 are fully satisfied. At the outset, it is apparent that the

Western District of Tennessee is another district where this claim might have been brought through a motion under 28 U.S.C. § 2241. Indeed, the Western District of Tennessee is the most appropriate venue for this particular challenge to Patterson's sentence.

It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action to the Western District of Tennessee would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. § 1404(a). As has been previously noted when transferring other petitions to the sentencing district:

> Because the District Court ... sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing ...determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner, 2008 WL 1752229 at *4. Thus, transferring this case to the United States District Court for the Western District of Tennessee would be in the best interests of judicial economy and efficiency.

A separate Order will be issued.

Dated: June 18, 2012

**United States District Judge**